UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JOHN L. PETREC-TOLINO,

           Plaintiff,

- against -

THE STATE OF NEW YORK, *et al.*,

           Defendants.

------------------------------------------------------X

**ORDER**

08 Civ. 6368 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/08

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      By Opinion and Order dated August 8, 2008, this Court dismissed plaintiff's claims sua sponte. Plaintiff now moves for reconsideration of that Opinion and Order.

      "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[1] Plaintiff raises a

---

[1] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *Accord In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003); *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." (quotation omitted)).

1

number of grounds for reconsideration.

Plaintiff "assert[s] that discovery in [this and related cases] would further verify the civil and criminal allegations made by me . . . that are already confirmed as plausible."[2] However, the Court already assumed the truth of plaintiff's claims for purposes of the motion to dismiss. Nonetheless, he cannot obtain relief in this Court.

Plaintiff contends that the Court's analysis of defendants' immunity was erroneous because it failed to recognize the exception to sovereign immunity first discussed in *Ex Parte Young*.[3] Plaintiff is mistaken. The Opinion acknowledged that exception and held that a claim for injunctive relief was not available because plaintiff had failed to allege an ongoing violation of a constitutional right.

Plaintiff also argues that the Court erred in relying on the *Rooker-Feldman* doctrine. However, plaintiff does not identify any flaw in the Court's analysis.

Plaintiff maintains that related cases "revealed and verified suspicions

---

[2] Plaintiffs' [sic] Affirmation for Reconsideration of the Court's August 8, 2008 Opinion and Order ("Pl. Mem."), at 3-4.

[3] 209 U.S. 123 (1908).

of systemic corruption by State employees acting in violation of their oaths of office."[4] As explained in the Opinion, this Court is not the proper avenue to address corruption in the New York State court system.

Plaintiff has not identified any material facts or law overlooked by the Court. Reconsideration is therefore denied.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         August 22, 2008

---

[4]   Pl. Mem. at 7.

## – Appearances –

**Plaintiff (Pro Se):**

John Petrec-Tolino
14 Straight Path
Rock Hill, NY 12775